**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 10 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DMITRIY IVANOVICH SOLOD, | No. 19-72075 |
| Petitioner, | Agency No. A071-322-117 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 5, 2020**

Before:     SCHROEDER, HAWKINS, and LEE, Circuit Judges.

Dmitriy Ivanovich Solod, a native of the U.S.S.R. and citizen of Russia,

petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an immigration judge's decision denying asylum,

withholding of removal, and cancellation of removal.  We have jurisdiction under

8 U.S.C. § 1252.  We review de novo questions of law.  *Bonilla v. Lynch*, 840 F.3d

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

575, 581 (9th Cir. 2016).  We deny the petition for review.

Solod does not raise, and therefore waives, any challenge to the agency's denial of asylum and withholding of removal on the merits.  *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in an opening brief are waived).  Thus, we do not reach Solod's contentions that the agency erred in its particularly serious crime analysis.  *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (the courts and the agency are not required to decide issues that are unnecessary to the results).

Our jurisdiction to review the agency's determination that Solod did not merit cancellation of removal as a matter of discretion is limited to questions of law, *see Ridore v. Holder*, 696 F.3d 907, 911 (9th Cir. 2012), and Solod's contention that the BIA erred by not considering evidence of rehabilitation is not supported by the record, *see Mendez-Castro v. Mukasey*, 552 F.3d 975, 980 (9th Cir. 2009).

Solod's contentions that the BIA did not act as a neutral adjudicator or engaged in impermissible factfinding are not supported.

**PETITION FOR REVIEW DENIED.**